IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRADLEY S. HELLER,

    Petitioner,

  vs.

KATHY MENDOZA-POWERS,
Warden,

    Respondent.
                                   /

No. C 05-3903 WHA (PR)

**DENIAL OF PETITION FOR
WRIT OF HABEAS CORPUS**

    This is a habeas corpus petition filed by a state prisoner pursuant to 28 U.S.C. section 2254. The court ordered respondent to show cause why the writ should not issue. Respondent filed an answer, and a memorandum of points and authorities in support of it, and lodged exhibits with the court. Petitioner did not file a traverse. For the reasons set forth below the petition is **DENIED**.

## STATEMENT

    The following information is taken from the opinion of the California Court of Appeal:

### PROCEDURAL BACKGROUND

An information filed on March 19, 2002, charged [petitioner] with one count of continuous sexual abuse. ([Cal.] Pen.Code, § 288.5.)

The matter came up for trial on February 20, 2003. At the close of evidence, the court granted the prosecutor's motion to strike the allegations of "substantial sexual conduct" in the information. As amended, the information charged that [petitioner] "did unlawfully engage in three or more acts of lewd and lascivious conduct with the child." The jury found [petitioner] not guilty of continuous sexual abuse but found him guilty of both a lewd or lascivious act involving a child under the age of 14 ([Cal.] Pen.Code § 288, subd. (a)) and an attempted lewd or lascivious act involving a child of that age. ([Cal.] Pen.Code, § 288, subd. (a) & § 664.) The trial court sentenced [petitioner] to a six-year term for the conviction of lewd or lascivious act and a concurrent three-year term for the conviction of attempted lewd or lascivious act. [Petitioner] filed a timely notice of appeal.

FACTUAL BACKGROUND

The record contains a large body of testimony concerning [petitioner] and the victim's mother, Heidi R., that has little relevance to the present appeal. It suffices to say that [petitioner] and Heidi were both natives of a small Illinois town and had known each other since their teenage years. [Petitioner] lived with Heidi's sister at his own mother's residence in Martinez, California. Fleeing a broken relationship, Heidi arrived in Martinez in April 1998 with two children, the victim, a girl, age 11 at time of trial, and a younger boy. She and her children were taken in by [petitioner's] mother. The sister moved out less than two weeks later, and [petitioner] and Heidi entered into an unstable relationship, marked by substance abuse and mental illness. Child Protective Services removed the two children from Heidi's custody in July 1999, but returned them to her care six months later after she addressed her substance abuse problems. At this time, Heidi lived with [petitioner] at his own residence and worked nights as a waitress. The child abuse was alleged to have occurred in the last half of the year 2000 after the victim stopped seeing her therapist.

On January 4, 2001, while watching a television program about sexual relations between young girls and older men, the victim confided to her mother that [petitioner] had put his penis in her mouth. She gave her mother more particulars about other sexual acts in the succeeding days and spontaneously volunteered certain information to a physician engaged in a physical examination. About a week later, she participated in an hour and a half interview with a social worker at the Children's Interview Center of Child Protective Services. At trial, a videotape of the interview was played to the jury. The victim also testified at trial and responded to a series of questions concerning [petitioner's] sexual acts.

The victim reported that [petitioner] engaged in repeated initiatives to induce her to make oral contact with his penis or to touch his penis with her hand. While some of the child's testimony was tied to particular dates or events, much of the testimony was generic in nature, consisting of vaguely described conduct alleged to be repeated over time. For example, she testified that [petitioner] put his penis in her mouth "a lot." When questioned further, she said he engaged in the act more than five times and half the time something nasty came out of the penis. In addition, she testified that [petitioner] once put his penis

2

> in her butt and in her private part and once tried to French kiss her.
>
> [Petitioner] presented a vigorous defense by attacking the child's credibility through an expert witness and the testimony of the foster parents who had once cared for her. He took the stand in his own behalf and denied any impropriety. Nevertheless, the jury relied on the child's testimony in reaching its decision.

*People v. Heller*, No. A102566, 2004 WL 2335265, at *1 -2 (Cal. App. 1 Dist., October 18, 2004); Exh. F.[1]

As noted above, the jury convicted petitioner of a lewd and lascivious act on a child and an attempted lewd and lascivious act on a child. Petitioner appealed, raising the same grounds that he raises in this petition. The Court of Appeal reversed the conviction of attempted lewd and lascivious act but affirmed the conviction of lewd and lascivious act. In affirming, the Court of Appeal stated that it was bound by the California Supreme Court's holding in *People v. Jones*, 51 Cal.3d 294 (1990). *Id.* at *1. Petitioner filed a petition for review with the California Supreme Court, raising the same grounds. Exh. G. The California Supreme Court denied the petition . Exh. H.

This court granted respondent's motion to dismiss petitioner's unexhausted claim regarding defense counsel's alleged failure to request a jury instruction, with leave to amend. Petitioner elected to go forward with the remaining exhausted claims.

Petitioner asserts that because generic testimony was presented to the jury: 1) he was denied his right to due process under the Fourteenth Amendment because the jury was precluded from unanimously agreeing to the specific acts committed; 2) he was denied his right to defend himself in violation of his due process rights under the Sixth and Fourteenth Amendments; and 3) the evidence was insufficient as a matter of law.

## DISCUSSION

**A.    STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state

---

[1]    Citations to "Exh." are exhibits lodged with the court by the Attorney General.

3

court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1) - (2).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-9 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

       A state court decision is "contrary to" Supreme Court authority, and falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  ("'[C]learly established Federal law' includes only the Supreme Court's 'applicable holdings,' not its dicta." *Moore v. Czerniak*, 534 F.3d 1128, 1136 (9th Cir. 2008) *quoting Carey v. Musladin*, 549 U.S. 70, 127 S.Ct. 649, 653 (2006).)  A state court decision is an "unreasonable application of" Supreme Court authority, and falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Williams (Terry)*, 529 U.S. at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

       "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340.  This presumption is not altered by the fact that the finding was made by a state court of appeal, rather than by a state trial court.  *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242

4

1  F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001).  A petitioner must
2  present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of
3  correctness; conclusory assertions will not do.  *Id.*
4        Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual
5  determination will not be overturned on factual grounds unless objectively unreasonable
6  in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at
7  340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

**B.    ISSUES PRESENTED**

    1.   CLAIM THAT PETITIONER WAS DENIED DUE PROCESS ON THE GROUND THAT THE JURY WAS PRECLUDED FROM UNANIMOUSLY AGREEING ON THE SPECIFIC ACTS COMMITTED

Petitioner contends that because much of the testimony presented was generic in nature, the jury could not have unanimously agreed on which specific criminal act he committed, which violated his right to due process under the Fourteenth Amendment.[2] By generic testimony, defendant means: "testimony of indistinguishable incidents, lacking details regarding the time, place and circumstances of various alleged assaults." *People v. Heller*, 2004 WL 2335265, at *4.

The Court of Appeal concluded it was bound by the California Supreme Court's ruling "in *People v. Jones* (1990) 51 Cal.3d 294, which affirmed four convictions for lewd and lascivious acts on children under the age of 14 based on evidence of guilt lacking specific reference to a time or place." *Id.* at *4.  Acknowledging that "[c]hild molestation cases frequently involve difficult, even paradoxical, proof problems," especially when the victim lives with the perpetrator, the California Supreme Court held that generic testimony resulting in a conviction under California Penal Code section

---

[2] Petitioner also claims there is evidence that the jury's verdict was compromised.  He points to a declaration of his defense attorney submitted to the trial court in support of his motion to set aside the verdict in which the attorney declares that two jurors told him the jury could not agree on the act committed in violation of section 288(a).  This claim was not raised below and is not properly before the court.  In any event, the statements are hearsay.

5

288(a) did not violate a defendant's due process rights. *People v. Jones*, 51 Cal.3d at 305. The California Supreme Court noted that "even generic testimony (e.g., an act of intercourse 'once a month for three years') outlines a series of specific, albeit undifferentiated, incidents each of which could support a separate criminal sanction." *Id.* at 270. It described the requirements that such testimony must meet as:

> [t]he victim, of course, must describe the kind of act or acts committed with sufficient specificity, both to assure that unlawful conduct indeed has occurred and to differentiate between the various types of proscribed conduct (e.g. lewd conduct, intercourse, oral copulation or sodomy). Moreover, the victim must describe the number of acts committed with sufficient certainty to support each of the counts alleged in the information or indictment (e.g., 'twice a month' or 'every time we went camping'). Finally, the victim must be able to describe the general time period in which these acts occurred (e.g., 'the summer before my fourth grade,' or 'during each Sunday morning after he came to live with us') to assure the acts were committed within the applicable limitation period. Additional details regarding the time, place or circumstance of the various assaults may assist in assessing the credibility or substantiality of the victim's testimony, but are not essential to sustain a conviction.

*Id.* at 316; *see also U.S. v. Hawpetoss*, 388 F.Supp.2d 952, 965 (E.D. Wis. 2005) (court persuaded by California's Supreme Court's analysis).

Here, the victim testified to at least three specific instances of molestation; setting forth their time, place and circumstances: when they went to see the movie "The X-men" (Exh. B at pp. 360 - 62); the day before her birthday (Exh. B at pp. 371 -72); and after watching the movie "Stigmata" (Exh. B at pp. 362-63).

Petitioner has cited no United States Supreme Court precedent regarding the use of generic testimony in cases such as his, and the court has found none. What authority exists supports the Court of Appeal's decision. First, criminal defendants in state court have no federal constitutional right to a unanimous jury verdict.[3]  *See Apodaca v. Oregon*, 406 U.S. 404, 410-12 (1972). Second, the jury was instructed that in order to return a guilty verdict, all jurors had to agree that defendant committed the same act or

---

[3] California requires unanimity from all twelve jurors in a criminal trial. *See* Cal. Const. art. I, § 16; *People v. Engelman*, 28 Cal. 4th 436, 442 (2002).

1  acts.[4]  The jury returned a verdict finding that petitioner violated California Penal Code
2  section 288(a).  Pursuant to the jury instruction, this meant all the jurors had agreed that
3  he committed the same act or acts of molestation.  *Greer v. Miller*, 483 U.S. 756, 766, n.
4  8 (1987) (presumption that juries follow instructions).  Third, a similar argument
5  regarding juror unanimity was rejected in *U.S. v. Hawpetoss* where the defendant was
6  convicted of sexual abuse of a minor that had lived with him, based on generic evidence.
7  388 F.Supp.2d at 963.  A similar instruction had been given requiring the jury to
8  unanimously agree on the particular offense the defendant committed.  *Id*. at 964.  The
9  district judge denied defendant's motion for judgment of acquittal, finding that the
10  defendant's due process rights were not violated even though the prosecution relied on
11  generic evidence because of the presumption that the jury followed the instruction to
12  agree unanimously on the particular offense the defendant committed.  *Id*. at 964 - 65.

13  For these reasons, the Court of Appeal's decision to uphold petitioner's
14  conviction was not contrary to or an unreasonable application of clearly established
15  Supreme Court precedent.  *See Carey*, 549 U.S. 70, 127 S.Ct. at 654; *Cook*, 2008 WL
16  3484870, at *10.  Given the specific and generic evidence before the jury and the court's
17  instruction that the jurors had to agree on the particular act or acts for which petitioner
18  was convicted, it is presumed that the jury followed the instruction and unanimously
19  agreed on the act of molestation upon which petitioner was charged.  *Greer*, 483 U.S. at
20  766, n. 8.
21  ///

---

[4]  The jury was instructed that:
[t]he defendant is accused of having committed the lesser crimes of lewd and lascivious conduct with a child and attempted lewd and lascivious conduct with a child.  The prosecution has introduced evidence for the purpose of showing that there is more than one act upon which a conviction for these lesser charges may be based.  Defendant may be found guilty if the proof shows beyond a reasonable doubt that he committed any one or more of these acts.  However, *in order to return a verdict of guilty to either of these lesser charges, all jurors must agree that he committed the same act or acts.*  It is not necessary that the particular act agreed upon be stated in your verdict.
Exh. B. at p. 1063 (*emphasis added*).

7

### 2. CLAIM THAT PETITIONER'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS WERE VIOLATED BECAUSE HE WAS NOT ABLE TO DEFEND HIMSELF

Petitioner contends that because the information did not set forth a specific act of molestation that he was alleged to have committed in violation of California Penal Code section 288(a), but only alleged continuous sexual abuse in violation of section 288.5, and because generic evidence was presented at trial, his constitutional rights were violated because he was not given a sufficient opportunity to defend himself.

In rejecting this argument, the Court of Appeal cited again to *People v. Jones* for the proposition that "'given the availability of the preliminary hearing, demurrer and pretrial discovery procedures, the prosecution of child molestation charges based on generic testimony does not of itself, result in a denial of a defendant's due process right to fair notice of the charges against him.'" *People v. Heller*, 2004 WL 2335265, at *5 (*emphasis added*) *quoting People v. Jones*, 51 Cal.3d at 318.[5]

The United States Supreme Court has held that "notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." *Cole v. Arkansas*, 333 U.S. 196, 201 (1948). To determine whether a defendant has received fair notice of the charge against him, the court looks first to the charging document - here the information. *See James v. Borg*, 24 F.3d 20, 24 (9th Cir.), *cert. denied*, 513 U.S. 935 (1994); *Lincoln v. Sunn*, 807 F.2d 805, 812 (9th Cir. 1987).

///

///

///

---

[5] Here petitioner did not challenge the sufficiency of the information by moving to set it aside and voluntarily waived his right to a meaningful preliminary hearing by submitting the matter on the police report. (Exh. A at pp. 4D - 6F.)

8

The information accused petitioner of violating California Penal Code section 288.5 (continuous sexual abuse). Exh. A at 1. The information charged that:

> [o]n or about June 2000 through December 2000, at Concord, in Contra Costa County, [petitioner], who resided in the same home with and had recurring access to [the victim], who was a minor child under the age of 14 years, from June 2000, to December 2000, a period of not less than three months in duration, did unlawfully engage in three and more acts of substantial sexual conduct and lewd and lascivious conduct with the child.

*Id.*

An information satisfies the Constitution if it states "the elements of an offense charged with sufficient clarity to apprise a defendant of what to defend against," *Miller v. Stagner*, 757 F.2d 988, 994 (9th Cir. 1985) *quoting Russell v. United States*, 369 U.S. 749, 763-64 (1962), *amended*, 768 F.2d 1090 (9th Cir. 1985), *cert. denied*, 475 U.S. 1048, and *cert. denied*, 475 U.S. 1049 (1986), even if it does not state the method by which the crime was committed, *Calderon v. Prunty*, 59 F.3d 1005, 1009 (9th Cir. 1995).[6]

Petitioner has cited no United States Supreme Court authority in support of his claim that the information required greater specificity, and the court has found none. Existing federal authority supports the Court of Appeal's decision. In *Brodit v. Cambra*, the Ninth Circuit affirmed the denial of a habeas petition challenging the absence in the charging document of precise dates of the molestation because the denial did not contradict or unreasonably apply clearly established Supreme Court precedent. 350 F.3d 985, 989 - 90 (9th Cir. 2003). The court rejected that petitioner's argument that he was deprived of notice and a fair opportunity to respond to the state's charges when he was convicted of "committing at least three lewd and lascivious acts with his stepniece while he was

---

[6] "An indictment charging the greater offense would of necessity embrace all the elements of the lesser offense and apprise the accused that he was charged with the commission of the acts constituting the lesser offense." *Salinas v. U.S.*, 277 F.2d 914, 916 (9th Cir. 1960); *Gautt,* at 1007. When petitioner was charged with continuous sexual abuse under California Penal Code section 288.5, he was given sufficient notice to prepare a defense for the lesser included offense of lewd and lascivious act on a child under section 288(a).

9

1 staying in the home of her mother and stepfather" over a period of two and a half
2 years in violation of California Penal Code section 288.5. *Id.* at 987.

3     "Because it is an open question in the Supreme Court's jurisprudence, [it
4 cannot be said] 'that the state court unreasonably applied clearly established
5 Federal law'" by rejecting petitioner's claim based on his insufficient notice to
6 present a defense argument. *Cook*, 2008 WL 3484870, at *10 *quoting Carey*, 549
7 U.S. 70, 127 S.Ct. 649 at 654. Nor did the Court of Appeal's denial of his petition
8 on that ground ignore "the fundamental principles established by [the Supreme
9 Court's] most relevant precedents." *Abdul-Kabir v. Quarterman*, --- U.S. ----, 127
10 S.Ct. 1654, 1671 (2007); *Moore*, 534 F.3d at 1136.

    3. CLAIM THAT GENERIC EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW AND IN VIOLATION OF PETITIONER'S RIGHT TO DUE PROCESS

13     Petitioner argues that because much of the victim's testimony was generic,
14 it was insufficient to prove beyond a reasonable doubt that he violated California
15 Penal Code section 288(a).

16     The Due Process Clause "protects the accused against conviction except
17 upon proof beyond a reasonable doubt of every fact necessary to constitute the
18 crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). A
19 federal court reviewing collaterally a state court conviction does not determine
20 whether it is satisfied that the evidence established guilt beyond a reasonable
21 doubt. *Payne v. Borg*, 982 F.2d 335, 338 (9th Cir. 1992), *cert. denied*, 510 U.S.
22 843 (1993). The federal court "determines only whether, 'after viewing the
23 evidence in the light most favorable to the prosecution, any rational trier of fact
24 could have found the essential elements of the crime beyond a reasonable doubt.'"
25 *Id.* (*quoting Jackson*, 443 U.S. at 319). Only if no rational trier of fact could have
26 found proof of guilt beyond a reasonable doubt, may the writ be granted. *See*
27 *Jackson*, 443 U.S. at 324.

28     The court views the evidence in the light most favorable to the prosecution

1  without resolving any disputed factual questions. *Sarausad v. Porter*, 479 F.3d at
2  678 (9th Cir. 2007). The federal court's task is not to decide whether the state
3  court unreasonably determined disputed facts; it is, rather, to decide whether the
4  state court unreasonably applied the *Jackson* test. *Id.* at 683 (finding that while
5  state court's characterization of certain testimony was objectively unreasonable, its
6  conclusion that the *Jackson* standard was satisfied was not objectively
7  unreasonable).

8        The California Court of Appeal's decision to affirm petitioner's conviction
9  was not objectively unreasonable under the *Jackson* standard. The Court of
10 Appeal relied on the California Supreme Court's analysis in *Jones* which set forth
11 the requirements for generic evidence to support a conviction under California
12 Penal Code section 288(a). *Heller,* 2004 WL 2335265, at * 4 *citing People v.*
13 *Jones*, 51 Cal.3d at 315. The victim's testimony must be specific enough "to
14 assure that unlawful conduct indeed has occurred and to differentiate between the
15 various types of proscribed conduct (e.g., lewd conduct, intercourse, oral
16 copulation or sodomy)." *Id.* The victim's testimony regarding the number of acts
17 committed must be sufficient to support the accounts alleged. *Id.* And the victim
18 must "be able to describe the general time period in which these acts occurred . . .
19 to assure the acts were committed within the applicable limitation period." *Id.*
20 "Additional details regarding the time, place or circumstance of the various
21 assaults may assist in assessing the credibility or substantiality of the victim's
22 testimony, but are not essential to sustain a conviction." *Id.*

23       The victim testified that on the day they went to see the movie "The X-
24 men"[7], petitioner made her "shake his private part" and exposed his penis to her in
25 his bed. (Exh. B. at pp. 360 - 61.) The victim also testified that the night before

---

[7] The parties stipulated that "The X-Men" movie was shown at the "Century Theater at 2314 Monument Boulevard, Pleasant Hill from July 14, 2000 through August 31st, 2000." (Exh. B. at p. 746.) Petitioner testified that they went to the X-men movie at the Century Theater in Pleasant Hill. (Exh. B. at p. 952.)

11

her birthday, on the year before she told her mother of the molestations, petitioner made her "shake his penis" on the couch. (Exh. B. at pp. 371 - 72.) She also testified that after they watched "Stigmata" on the couch, petitioner pushed her down and made her "suck on his private parts." (Exh. B. at pp. 362 - 63.) Furthermore, the victim provided additional details regarding these, and other alleged assaults, on which the jury could rely to assess the credibility and substantiality of her testimony. Based on the victim's testimony, and taking into consideration all other evidence in the record, a reasonable jury could have found that petitioner violated California Penal Code section 288(a) based on the standard set forth by the California Supreme Court in *Jones*.

Having conducted an independent review of the record, the court agrees with the California Court of Appeal that, viewed in the light most favorable to the prosecution, there was sufficient evidence by which a rational juror could find beyond a reasonable doubt that petitioner committed a lewd and lascivious act on child under the age of 14 in violation of California Penal Code section 288(a).

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 12, 2008.

William H. Alsup
United States District Judge